SUMMARY ORDER

Appellant Fransico H. James, pro se, appeals the judgment of a magistrate judge in favor of the United States, following a bench trial, on his claim of negligence brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80. James argues the magistrate judge erred by not crediting the testimony of his witness, Tiffany Brooks, and that remand is warranted because he was denied effective assistance of counsel. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
In reviewing the trial court’s decision in a bench trial, we review legal conclusions de novo and findings of fact for clear error. See United States v. Coppola, 85 F.3d 1015, 1019 (2d Cir.1996); see also Fed. R.Civ.P. 52(a); Scribner v. Summers, 84 F.3d 554, 557 (2d Cir.1996) (citing Travellers Int’l, A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1574 (2d Cir.1994)). Under the clear error standard, “[tjhere is a strong presumption in favor of a trial court’s findings of fact if supported by substantial evidence,” and we “will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed.” Travellers Int’l, A.G., 41 F.3d at 1574 (internal quotations omitted). Accordingly, we will not reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently, see Repp v. Webber, 132 F.3d 882, 891 (2d Cir.1997), and, in general, we must “give considerable deference to the district court’s credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record,” Ezekwo *313 v. N.Y.C. Health & Hosps. Corp., 940 F.2d 775, 780 (2d Cir.1991).
Here, the magistrate judge did not commit clear error in not crediting Brooks’s testimony. . Brooks’s version of the accident, which mirrored James’s account, was contradicted by the testimony of Sergeant Kateli, the original police report, and James’s no-fault insurance form. Moreover, the United States’s expert witness testified that, based on his analysis of the evidence and the depositions in the case, the damage to the vehicles could only have resulted from a sideswipe collision as described by Kateli and as set forth in the original police report and the no-fault insurance form; in contrast, Brooks’s and James’s account of the accident would have produced a substantially different type of damage. Finally, the magistrate judge appropriately considered the fact that, although Brooks claimed she witnessed the accident, James failed to identify her as such in any of the forms he submitted regarding the accident, and that she only came forward as a witness more than two years after the relevant events. Accordingly, the magistrate judge’s decision not to credit Brooks’s testimony was not clear error.
As a final matter, because this is a civil case, James’s ineffective assistance of counsel claim is unavailing, see United States v. Coven, 662 F.2d 162, 176 (2d Cir.1981) (Sixth Amendment right to counsel does not apply to civil cases), and any complaints he might have regarding his attorney’s performance at trial must be raised in a separate malpractice proceeding, cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship., 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (“[Cjlients must be held accountable for the acts and omissions of their attorneys.”).
For the foregoing reasons, the judgment of the magistrate judge is hereby AFFIRMED.