10-3077-cv
Wavercak v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of April, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          DENNY CHIN,
                    <u>Circuit Judges</u>.
          JED S. RAKOFF,
                    <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -x

MICHAEL P. WAVERCAK,
        <u>Plaintiff-Appellant</u>,

        -v.-                                  10-3077-cv

MICHAEL J. ASTRUE,
Commissioner of Social Security,
        <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        JAYA A. SHURTLIFF, Syracuse,
                                New York.

----

[*]      Hon. Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLE:                    MARIA FRAGASSI-SANTANGELO,
                                          Special Assistant United
                                          States Attorney (Stephen P.
                                          Conte, Chief Counsel, Region
                                          II Office of the General
                                          Counsel, Social Security
                                          Administration, on the brief),
                                          for Richard S. Hartunian,
                                          United States Attorney for the
                                          Northern District of New York,
                                          Syracuse, New York.

Appeal from an order of the United States District Court for the Northern District of New York (Sharpe, J.) entered on June 25, 2010, affirming a decision of the Commissioner of Social Security (the "Commissioner") denying plaintiff-appellant Michael P. Wavercak's claim for Social Security Disability Insurance Benefits ("DIB") for March 21, 1998 through June 13, 2000.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

We assume the parties' familiarity with the facts and procedural history of the case and the issues presented for review, which we summarize as follows:

In November 1998, Wavercak applied for DIB under the Social Security Act (the "Act"), alleging disability since March 21, 1998 based on injuries sustained in a car accident. After his application was denied, Wavercak unsuccessfully challenged the decision at a December 1999 hearing before Administrative Law Judge ("ALJ") John R. Tarrant.

Wavercak, who complained of frequent headaches, a disc herniation, neck, shoulder, and arm problems, and later a sleep disorder, then proceeded to exhaust his administrative remedies

-2-

in disputing the ALJ's denial of his requested benefits. Eventually, Wavercak commenced a civil action that resulted in an order of the Northern District of New York (Mordue, J.) entered on June 8, 2004, remanding the case to the Social Security Administration (the "SSA") Appeals Council (the "Appeals Council") for further administrative proceedings. The Appeals Council vacated the ALJ's decision and remanded the matter, and it was heard by a different ALJ.

In March 2005, ALJ Michael Brounoff held a hearing where Wavercak and an independent vocational expert testified. Eight months later, ALJ Brounoff denied Wavercak's application in an order that became the Commissioner's final ruling. Wavercak commenced the present action in May 2007 seeking review of this ruling. In June 2010, the district court affirmed the Commissioner's finding that Wavercak was not disabled within the meaning of the Act.

On appeal, Wavercak argues that the ALJ committed reversible error by: (1) concluding that Wavercak's purported sleep apnea was not a severe impairment; (2) failing to give his treating physician's opinion controlling weight; (3) improperly discounting Wavercak's pain testimony as not "entirely credible"; and (4) relying on the testimony of a vocational expert whose opinion was allegedly based on a flawed assessment of Wavercak's residual functional capacity ("RFC").

We address each argument in turn, and "review the administrative record de novo to determine whether there is

-3-

substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009)(internal quotation marks omitted).

### 1.    Severe Impairment Analysis

Wavercak first argues that the ALJ erred by failing to recognize that his sleep apnea constituted a severe impairment within the meaning of the SSA regulations.  The argument fails. Contrary to Wavercak's contention, the ruling and the transcript of the hearing make clear that ALJ Brounoff considered the "combined effect of all of [Wavercak's] impairments" in concluding that his alleged sleep apnea did not constitute a severe impairment during the relevant period.  42 U.S.C. § 423(d)(2)(B); accord 20 C.F.R. § 404.1523.

At the March 2005 hearing, for example, when asked to explain how sleep apnea affected him during the time in question, Wavercak responded that his fatigue and day-time drowsiness were caused more by the pain in his neck than from any sleep disorder. When the ALJ asked Wavercak to point to a medical exhibit in the record that documented the presence of sleep apnea before June 13, 2000, Wavercak was unable to do so.  Because there is substantial evidence in the record to support the ALJ's determination with regard to Wavercak's purported sleep apnea, it will not be disturbed.

-4-

## 2. __The Treating Physician Rule__

Next, Wavercak asserts that the ALJ applied the treating physician rule improperly by not affording Dr. Eppolito's opinion -- that Wavercak was unable to perform sedentary work -- controlling weight.  This argument is unavailing.  An ALJ is not required to give deference to a claimant's treating physician's opinion where that opinion, as here, is "not consistent with other substantial evidence in the record."  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).

Dr. Eppolito's assessments were called into question by other medical evidence in the record, including his own earlier reports which did not always conclude that Wavercak was unable to engage in any sedentary work during the relevant period.  While an ALJ may not reject a treating physician's disability opinion based "solely" on internal conflicts in the doctor's clinical findings, Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998), here the record contains other medical opinions also at odds with a conclusion that Wavercak was precluded from any form of employment.  For example, one physician who examined Wavercak concluded that he had no gross limitations to sitting, standing, walking, or climbing, and only mild to moderate limitations in the amount he could lift, carry, push, and pull.  In addition, Dr. Eppolito's assessments conflicted with Wavercak's description of his daily activities.  Accordingly, the ALJ was not required to defer to Dr. Eppolito's opinion.  See 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), (d)(3)-(6) (explaining that deference accorded to treating physician's opinion may be reduced based on

-5-

consistency of opinion with rest of medical record, and any other elements "which tend to . . . contradict the opinion").

### 3.  **Credibility Assessment**

Wavercak also argues that by finding his testimony "not entirely credible," the ALJ failed to give proper weight to his strong work history.  In reviewing this challenge, we note that "[i]t is the function of the [Commissioner], not ourselves, . . . to appraise the credibility of witnesses, including the claimant."  Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983).

To be sure, "a good work history may be deemed probative of credibility."  Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998); see also Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (noting that evidence of good work record is evidence of credibility).  Work history, however, is "just one of many factors" appropriately considered in assessing credibility. Schaal, 134 F.3d at 502.

In rejecting Wavercak's testimony as to the severity of his impairment, the ALJ reasonably relied on contrary evidence in the record, including extensive testimony and treatment notes from numerous physicians.  These reports encompassed those from treating sources who stated that Wavercak could perform work -- at least at a light duty level.  The ALJ's conclusion is also consistent with the claimant's own account of his participation in a range of daily activities during the period in question, including cleaning, cooking, driving, picking up his son at school, reading, shopping, as well as visiting friends and

family.  See 20 C.F.R. § 404.1529(c)(3)(i).  On this record, we identify no error in the ALJ's credibility assessment.

Further, the ALJ did not ignore Wavercak's work history.  To the contrary, the ALJ was well-aware of Wavercak's 17-year employment as a warehouse worker for a food distributing company, and considered this in the disability analysis when he concluded that Wavercak's RFC for light work prevented him from performing the medium demands of his past warehouse work.  That Wavercak's good work history was not specifically referenced in the ALJ's decision does not undermine the credibility assessment, given the substantial evidence supporting the ALJ's determination.

### 4.    **Vocational Expert**

Finally, Wavercak contends that the ALJ erred in relying on the testimony of a vocational expert because the expert's opinion was based on a flawed assessment of Wavercak's RFC.  Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.  See generally Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004)(noting that Commissioner may rely on testimony of vocational expert).

### CONCLUSION

We have considered all of Wavercak's other contentions on appeal and have found them to be without merit.  For all the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK