11-854-cv
Campbell v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges.*
> ALVIN K. HELLERSTEIN,[*]
> > *District Judge.*

---

GERALD M. CAMPBELL,

> *Plaintiff-Appellant*,

> v.                                                          No. 11-854-cv

MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

> *Defendant-Appellee*.

---

FOR APPELLANT:            JAYA SHURTLIFF, Olinsky & Shurtliff, Syracuse, New York.

---

[*] The Honorable Alvin K. Hellerstein, District Judge for the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:             SIXTINA FERNANDEZ, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel - Region II, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York.

_____

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*) **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-Appellant Gerald M. Campbell appeals from the district court's (Kahn, *J.*) judgment affirming the decision of the Commissioner of Social Security (the "Commissioner"), which denied Campbell's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments, and dismissing Campbell's complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing the Commissioner's denial of DIB or SSI, we conduct a plenary review of the administrative record, *see Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (observing that our focus of review is the administrative ruling, not the district court's decision), and will set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence or if incorrect legal standards were applied, *see Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004); *see also Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) ("It is not our function to determine *de novo* whether [a plaintiff] is disabled[.]"). A determination is supported by substantial evidence if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003) (citation omitted). In conducting our

review, however, we will not substitute our own judgment for that of the Commissioner, even if we "might justifiably have reached a different result upon *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

As a preliminary matter, we note that a number of the issues Campbell raises on appeal—including that the Administrative Law Judge ("ALJ") erred at step-two by failing to consider the severity of Campbell's diverticulitsis, anxiety, and insomnia, and at step-five by failing to consult a vocational expert—were not presented to the district court. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("Although claimants in Social Security case are not subject to some issue exhaustion requirements, at least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum to preserve them for appellate review.") (internal citation omitted); *see also Singleton v. Wulff,* 428 U.S. 106, 120-21 (1976) (recognizing the well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal); *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (same). *But see Burnette v. Carothers*, 192 F.3d 52, 58 (2d Cir. 1999) (holding that a court of appeals will consider an otherwise waived issue if a miscarriage of justice would result). For this reason, we decline to consider these issues. Even if considered, however, Campbell's arguments lack merit. Our examination of the record confirms that substantial evidence supports the ALJ's finding that Campbell's diverticulitsis, anxiety, and insomnia were "non-severe" impairments, *see* 20 C.F.R. § 404.1521(a), and that the extent of Campbell's nonexertional limitations did not require the ALJ to consult a vocational expert, *see generally Zabala v. Astrue*, 595 F.3d 402, 410-11 (2d Cir. 2010); *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

Campbell's preserved arguments are as follows. He asserts first that the ALJ erred by determining that he retained the residual functional capacity ("RFC") to perform light work, and second, that the ALJ erred by concluding that his testimony concerning the intensity, persistence, and limiting effects of his impairments was not credible. We reject both arguments.

Although an ALJ's RFC determination "must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence," *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984), "we do not require that [the ALJ] have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability," *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *see also Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) (rejecting argument that the ALJ must explicitly reconcile every shred of conflicting testimony). Here, while the ALJ did not expressly discuss Campbell's ability to perform each of the functions identified in 20 C.F.R. § 404.1567(b) as demonstrative of a capacity to perform "light work," we agree with the district court that substantial evidence supports the ALJ's overall RFC determination. Campbell's medical records confirm that while he suffers from a seizure disorder, the vast majority of his seizures were caused by his poor management of his condition. Indeed, on numerous occasions Campbell admitted to his treating physician that his seizure was caused by his failure to take his prescribed medication. In addition, despite this disorder, Dr. Taseer Minhas, Campbell's treating physician, observed repeatedly that Campbell exhibited full power in his extremities and normal physical functions, with the exception of an essential tremor. This same diagnosis was confirmed by Campbell's other treating physicians with respect to his seizure disorder as well as to his osteoporosis, as they indicated, among other

-4-

things, that Campbell "g[ot] around fairly well" and displayed a "good range of motion." Finally, the ALJ's RFC finding is consistent with Minhas's functional assessment.

As for the ALJ's credibility determination, while an ALJ "is required to take the claimant's reports of pain and other limitations into account, 20 C.F.R. § 416.929," he or she is "not require[d] to accept the claimant's subjective complaints without question," *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Id*. This requires a two-step process. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id*. If so, the ALJ must then consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id.* (internal quotation marks omitted; alteration in *Genier*). For purposes of our review, however, we have long held that "[i]t is the function of the [Commissioner], not ourselves, . . . to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).

Substantial evidence supports the ALJ's credibility finding. Adhering to this two-step approach, the ALJ determined that Campbell's symptoms were consistent with his medically determinable impairments, but that his subjective assessment of the intensity and persistence of his symptoms was not credible "to the extent [it was] inconsistent with the [light work] residual functional capacity assessment." The ALJ noted, in particular, that while Campbell testified that he experienced a seizure at least once a month, this was inconsistent with his medical records, which showed a seizure every few months or more, and on occasions when he did have a seizure,

it was often caused by his failure to take his medication. The ALJ also noted that Campbell's back pain was "inconsistent with his minimal treatment history with regard to the back problem." However, the ALJ added that "considering the positive MRI findings, the claimant has been given the benefit of the doubt concerning his pain complaints." Each of these observations is supported by substantial evidence. Campbell counters that because of his good work history, he was entitled to "substantial credibility" concerning his present inability to work. We disagree. Although it is true that "a good work history may be deemed probative of credibility," it remains "just one of many factors" appropriately considered in assessing credibility. *Schaal*, 134 F.3d at 502. Here, other factors—in particular, the inconsistency between Campbell's testimony and his medical records—weighed against a positive credibility finding as to Campbell's subjective assessment of the intensity of his symptoms. The ALJ's decision not to rely exclusively on Campbell's good work history was therefore not erroneous. *See, e.g.*, *Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011) (unpublished summary order) ("That Wavercak's good work history was not specifically referenced in the ALJ's decision does not undermine the credibility assessment, given the substantial evidence supporting the ALJ's determination.").

We have considered all of Campbell's remaining arguments and find them without merit. The district court's judgment is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-6-