17-4156-cv
Rotolo v. Berryhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand eighteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

NICHOLAS ROTOLO, JR.,

*Plaintiff-Appellant*,

v.                                                                No. 17-4156-cv

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

*Defendant-Appellee*.[1]

_____

FOR PLAINTIFF-APPELLANT:          Nicholas Rotolo, *pro se*, Rome, NY.


FOR DEFENDANT-APPELLEE:          Jason P. Peck, Special Assistant United
                                                   States Attorney (Stephen P. Conte, Regional

---

[1] The Clerk of Court is directed to amend the official caption as set forth above.

Chief Counsel, Region II, Office of the General Counsel Social Security Administration, *on the brief*), *for* Grant C. Jacquith, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Carter, *M.J.*).[2]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nicholas Rotolo, proceeding *pro se* on appeal,[3] brought this action seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying Rotolo's application for disability insurance benefits ("DIB"). Rotolo appeals the district court's grant of judgment on the pleadings in favor of the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Id.* (internal quotation marks omitted). The substantial evidence standard means that "once an [administrative law judge ("ALJ")] finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted) (emphasis in original).

Rotolo raises two primary arguments on appeal. First, he contends that the ALJ erred by failing to consider an earlier onset date for his alleged disability. Second, Rotolo argues that the Commissioner should revisit its determination because Rotolo's counsel inadequately represented him. We address these issues in turn.

1. The ALJ's Consideration of Rotolo's Disability Onset Date

Rotolo argues that the ALJ erred by failing to consider an onset date for his disability

---

[2] The parties consented to jurisdiction by a United States Magistrate Judge.

[3] Rotolo was represented by counsel in the proceedings prior to this appeal.

of November 10, 2003. He contends that, despite directing his counsel at the time, Wayne Smith, to assert the November, 2003, onset date, Smith instead argued that the onset date was October 3, 2008. Rotolo argues that it was error for the ALJ to rely on that 2008 date when it should have been apparent from the record and from certain of Rotolo's own statements in the administrative proceedings that the ALJ should consider the 2003 onset date.

We have held that, when counsel for a claimant concedes that the ALJ's review is limited to a particular time period, the ALJ need not evaluate the record for disability outside that time period. *Zabala*, 595 F.3d at 408 (applying this rule in SSI case); *see Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir. 1980) (stating that we review SSI and DIB cases under the same standards); *see also Campbell v. Astrue*, 465 F. App'x 4, 5 (2d Cir. 2012) (summary order) (same). This is because the ALJ is permitted to rely on the counsel's concession—"imputed" to the claimant—that the review period should be so limited. *Id.* The concession will not be imputed to the claimant only if he or she was "coerced or deceived into stipulating to the closed period." *Id.*

We need not decide whether the ALJ should have considered an earlier onset date, however, because Rotolo has waived the issue. In the district court proceeding challenging the ALJ's final determination, Rotolo was represented by new counsel, Howard Olinsky. Rotolo did not argue that the district court's purported failure to consider an earlier onset date was erroneous or that his former counsel misrepresented the correct date. Rather, Rotolo, through Olinsky, continued to contend that the onset date for his disability was October 3, 2008.

We generally do not consider issues that an appellant failed to raise in the district court. *E.g., Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000). Moreover, although we have the discretion to overlook a party's failure to timely raise an issue if "necessary to avoid manifest injustice," *id.* at 420 (internal quotation marks omitted), no such injustice would result here. Although Rotolo states that he "was expecting that [Olinsky] was amending his onset date" in the district court proceedings, civil litigants are generally deemed bound by (and to have knowledge of) the acts of their counsel. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.,* 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys."). We conclude that the presumption should apply here, particularly given that, by contrast to his complaints about Smith, Rotolo states that he "thanked Howard Olinsky for doing his best" in the district court proceeding. App. Br. At 21. Accordingly, Rotolo's argument that the ALJ should have considered an onset date of November 10, 2003, is deemed waived.

2.  The Performance of Rotolo's Counsel, Wayne Smith

Rotolo also makes several arguments that appear to be a claim of ineffective assistance of counsel by Smith.   For example, Rotolo contends that Smith failed to obtain certain medical records, as the ALJ instructed him to do, and so the Commissioner should revisit its determination.   Rotolo also contends that he should have a new administrative proceeding because Smith misrepresented to the ALJ the onset date.   However, "[b]ecause this is a civil case in which [Rotolo] does not face the prospect of imprisonment, . . . the Sixth Amendment right to counsel does not apply, and [an] ineffective assistance of counsel claim is not cognizable."   *LaPorte v. Fisher*, 692 F. App'x 649, 649 (2d Cir. 2017) (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013); *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981)).   As such, "any complaints he might have regarding his attorney's performance . . . must be raised in a separate malpractice proceeding."   *James v. United States*, 330 F. App'x 311, 313 (2d Cir. 2009).

We have considered Rotolo's remaining arguments and conclude they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4